Citation Nr: 1550142 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 12-27 328 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Huntington, West Virginia


THE ISSUE

Entitlement to service connection for a bilateral foot disorder, claimed as residuals of a cold injury.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran




ATTORNEY FOR THE BOARD

L. Pelican, Associate Counsel


INTRODUCTION

The Veteran served on active duty from January 1983 to December 1986.

This case comes before the Board of Veterans' Appeals (the Board) from a February 2012 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) in Huntington, West Virginia.

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this case should take into consideration the existence of these electronic records.

The Board remanded the Veteran's claim in September 2014 to afford the Veteran a travel board hearing. The Veteran had a hearing before the undersigned Veterans' Law Judge in July 2015. Stegall v. West, 11 Vet. App. 268 (1998). A transcript of that proceeding has been associated with the claims file. However, additional development is required before adjudicating the Veteran's appeal.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran seeks service connection for a bilateral foot disorder, which he initially claimed as residuals of a cold weather injury. 

Preliminarily, the Board notes there may be outstanding medical records that could support the Veteran's claim. The Veteran testified that his treating VA podiatrist, Dr. A. C., felt that the Veteran's present foot disorder was related to a cold injury in service. The most recent VA medical records from Dr. A. C. are dated in June 2015; however, the June 2015 record indicates the Veteran was scheduled for a follow-up in September 2015. As the outstanding VA records could contain evidence favorable to the Veteran's claim, they should be obtained on remand.

The Veteran was afforded a VA examination in June 2012, the report of which noted diagnoses of onychomycosis and plantar callouses. However, the Board finds an opinion rendered by the June 2012 VA examiner is inadequate for rating purposes. Specifically, the examiner noted that the Veteran was seen in October 1984 for a foot complaint and was diagnosed with a mild case of tinea pedis. The examiner added that the next reference to the Veteran's feet was in a November 2005 primary care note, which recorded his reports of bilateral foot pain for 3 years. The examiner rendered a negative opinion relying on these facts, explaining that it "was evident that the Veteran was not bothered by a foot condition while in the military," and that the Veteran's "foot condition was not mentioned until November 2005 and was described as present for three years."

The examiner relied on an inaccurate factual premise in opining that the Veteran's onychomycosis was less likely than not caused by or related to service. The November 2005 primary care note cited by the examiner states that the Veteran complained of bilateral foot callouses and thick toenails, which had been present since service. Moreover, the examiner did not indicate whether the Veteran's current onychomycosis could be related to his in-service tinea pedis. The Veteran's aforementioned reports contradict the underlying premise of the June 2012 VA examiner's opinion. Thus, the opinion on onychomycosis is inadequate for rating purposes. 

Lastly, the Board notes that the Veteran presented testimony during the July 2015 travel board hearing on the circumstances of his service and exposure to cold temperatures. The examiner should address these contentions in the addendum opinion. 

Accordingly, the case is REMANDED for the following actions:

1. Obtain any outstanding VA treatment records relating to the Veteran's claimed bilateral foot disorder(s), including those from Dr. A. C. dating from June 2015 to present.

2. Thereafter, provide the Veteran with a medical examination by an appropriate physician who should be asked to review the claims file and answer the questions posed below. The examination report must reflect that review of the claims folder occurred.

Based on the review of the record, the examiner is asked to opine on the following:

a) Whether it is at least as likely as not (50 percent or greater probability) that the Veteran had a permanent increase in severity / aggravation of the pre-existing callouses on both feet during service? Please note, the term "aggravation" refers to a permanent worsening of the underlying condition, as contrasted to temporary or intermittent flare-ups of symptomatology that resolve with return to baseline level of disability. 

b) If so, is there clear and unmistakable evidence (i.e. the highest degree of medical certainty) that the in-service aggravation of the pre-existing callouses on both feet was due to the natural progression of the disability?

c) Whether it is at least as likely as not (50 percent or greater probability) that any currently diagnosed bilateral foot disorder, other than pre-existing callouses, is related to service, to include the Veteran's in-service treatment for tinea pedis and the Veteran's reports of exposure to cold temperatures and other circumstances of his service.

The examiner is asked to explain the reasons behind any opinions expressed and conclusions reached. The examiner is reminded that the term "as likely as not" does not mean "within the realm of medical possibility," but rather that the evidence of record is so evenly divided that, in the examiner's expert opinion, it is as medically sound to find in favor of the proposition as it is to find against it.

If the examiner is unable to offer the requested opinion, it is essential that the he or she offer a rationale for the conclusion that an opinion could not be provided without resort to speculation, together with a statement as to whether there is additional evidence that could enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge. See Jones v. Shinseki, 23 Vet. App. 382 (2011).

3. Ensure completion of the foregoing and any other development deemed necessary, then readjudicate the Veteran's claim. If any requested benefit remains denied, the Veteran and his representative should be provided with a Supplemental Statement of the Case and an opportunity to respond. The case should then be returned to the Board for appropriate appellate consideration.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).